E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division
CHRISTINE M. RO (Cal. Bar No. 285401)
Assistant United States Attorney
Cyber and Intellectual Property Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4496
     Facsimile: (213) 894-2927
     E-mail:    christine.ro@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>             v.<br><br>FABIAN JARAMILLO,<br>  aka "Chino,"<br><br>          Defendant. | No. 19-CR-482-CAS-2<br><br>GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT FABIAN JARAMILLO<br><br>Hearing Date: 04/08/2024<br>Hearing Time: 2:30 P.m.<br>Location:     Courtroom of the Honorable Christina A. Snyder |

   Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Christine M. Ro, hereby files its sentencing position regarding defendant FABIAN JARAMILLO ("defendant").

   The government's sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, the plea agreement, and any other evidence or argument that the Court may wish to consider at the time of sentencing.  The government

respectfully requests the opportunity to supplement its position or respond to defendant as may become necessary.

Dated: March 25, 2024                    Respectfully submitted,

                                              E. MARTIN ESTRADA
United States Attorney

CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division

   /s/
CHRISTINE M. RO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On or about August 6, 2015, defendant knowingly and intentionally aided and abetted in the distribution of approximately 220 grams of methamphetamine to a Confidential Informant ("CI"). Pursuant to a plea agreement, defendant pleaded guilty to count one of the First Superseding Information filed in this case, namely, possession with intent to distribute and distribution of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).  (ECF Nos. 122, 124.)

On March 3, 2024, the United States Probation and Pretrial Services Office (the "Probation Office") filed a Disclosed Recommendation Letter (ECF No. 128) and a Presentence Investigation Report (the "PSR") in this matter (ECF No. 129).  For the reasons described below, the government agrees with the PSR and the Probation Office's recommendation and recommends that the Court sentence defendant to 63 months' imprisonment -- as well as a three-year period of supervised release and a $100 special assessment.

**II.  STATEMENT OF FACTS**

**A.  The Offense**

On August 6, 2015, defendant and co-defendants Juan Gomez and David Padilla, each aiding and abetting the other, knowingly and intentionally sold approximately 220 grams of methamphetamine to a Confidential Informant ("CI").  On August 6, 2015, co-defendant Gomez negotiated the narcotics deal and connected the CI to defendant Jaramillo and co-defendant Padilla.  Defendant Jaramillo negotiated the price and the CI paid $2,500 to defendant.

## III. THE PROBATION OFFICE'S CALCULATIONS AND RECOMMENDATION

In the PSR, the Probation Office applied the following Sentencing Guidelines factors:

| Base Offense Level: | 26 | U.S.S.G. §§ 2D1.1(a)(5), (c)(7) |
|---|---|---|
| Obstruction of Justice | +2 | U.S.S.G. § 3C1.1 |
| Acceptance of Responsibility: | -3 | U.S.S.G. §§ 3E1.1(a), (b) |
| Total Offense Level | 25 | |

(PSR ¶¶ 32-50.) The Probation Office also calculated defendant's criminal history score to be 10, placing defendant in criminal history category V. (Id. ¶ 60.)

The Probation Office determined that the applicable Sentencing Guidelines range is 100 to 125 months' imprisonment. (Id. ¶ 100.) The Probation Office recommended that the Court sentence defendant to 63 months' imprisonment, a three-year period of supervised release, and a $100 special assessment. (ECF No. 128 at 1.)

## IV. THE GOVERNMENT'S SENTENCING RECOMMENDATION

The government agrees with the Probation Office's Sentencing Guidelines calculations and recommendation. And the government recommends that the Court sentence defendant to 63 months' imprisonment, followed by a three-year period of supervised release and a $100 special assessment.[1] Such a sentence would be sufficient, but not greater than necessary, to meet the sentencing goals set forth in 18 U.S.C. § 3553(a).

---

[1] The government defers to the Probation Office with respect to its determination regarding defendant's ability to pay a fine.

2

Under 18 U.S.C. § 3553(a)(1), the Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" in imposing a sentence.  Under 18 U.S.C. § 3553(a)(2), the Court must consider "the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  Under 18 U.S.C. § 3553(a)(3)-(7), the Court must consider "the kinds of sentences available," "the kinds of sentence and the sentencing range established," "any pertinent policy statement," "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and "the need to provide restitution to any victims of the offense."

Although defendant Jaramillo has an extensive criminal history with serious felony convictions, defendant's most recent criminal history is from conduct in 2020.  And while defendant did himself no favors by absconding pre-trial services in this case, this is defendant's first federal conviction with the lengthiest sentencing exposure he has ever faced.  Further, this charged conduct is from 2015 and defendant entered into a plea agreement relatively quickly once he returned to federal custody.  In sum, all of the statutory objectives in 18 U.S.C. § 3553(a) are served by the government's recommended sentence of 63 months' imprisonment and a three-year period of supervised release.

**V.   CONCLUSION**

Based on the foregoing, the government recommends that the Court sentence defendant to 63 months' imprisonment, a three-year period of supervised release, and a $100 special assessment.